IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LUIS CELEDON., § | | |
|     Movant § | | |
| § | | |
| V. § | A-07-CA–502-LY | |
| § | (A-05-CR-103-LY) | |
| UNITED STATES OF AMERICA, § | | |
|     Respondent § | | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court is Movant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Clerk's Doc. No. 620). Judge Yeakel referred this case for Report and Recommendation on June 26, 2007. The Government has filed their response and Movant has replied.

**BACKGROUND**

Movant's basis for his motion is that his lawyer provided ineffective assistance of counsel because, even in the face of Movant's request, he failed to file a notice of appeal. The Government has attached an affidavit from Movant's trial attorney stating that he did in fact talk with Movant and he (Movant) stated that he was not interested in appealing the sentence. The Government has also filed a copy of the letter that each sentenced defendant, after they have been sentenced, receives from the sentencing judge (Judge Yeakel) regarding their appeal rights. On it, Hunt noted that he had met with Movant and that he (Movant) told Hunt he did not want to pursue an appeal. Movant's reply states that this is a false characterization of events. Because the Court was faced with competing

affidavits and versions of the events in question, it held, according to the Fifth Circuit precedent, an evidentiary hearing. *See e.g., United States v. Heckler*, 165 Fed. App'x 360 (5th Cir. 2006); *see also United States v. Stokes*, 112 Fed. App'x 905 (4th Cir. 2004) (holding that conflicting affidavits created factual dispute requiring evidentiary hearing on claim of ineffective assistance of counsel).

On November 8, 2007, the Court held an evidentiary hearing. Movant, his daughter Melissa Celedon, and his former attorney, Russell Hunt, Jr. all testified. Melissa Celedon testified that a couple days after the sentencing she met with her father in Waco, who told her then that he wanted to appeal his sentence. She also testified that Luis Celedon has mental disabilities (apparently he has been a heavy heroin user since 1970) and that he has a hard time comprehending things. Movant's and Hunt's testimony essentially mirrored what the previous pleadings reflected: that Movant told Hunt he wanted to appeal, with Hunt stating just the opposite. Hunt testified that Celedon told him that he did not want to appeal. He further testified that Celedon's disability was a medical issue, not a mental one.

To prevail on a claim of ineffective assistance for failure to file a notice of appeal, Movant must show that the failure to file fell below an objective standard of reasonableness and that it prejudiced him. *See Roe v. Flores-Ortega*, 528 U.S. 470, 484, (2000). An attorney's failure to file a notice of appeal when requested is "professionally unreasonable." *See id.* at 477. When a defendant has not specifically expressed his wishes regarding an appeal, the preliminary inquiry is "whether counsel in fact consulted with the defendant about an appeal." *Id*. at 478. Under *Flores-Ortega*, "consult" means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* If counsel consults with the defendant, then counsel acts in a "professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.*

"A trial court's credibility determinations made on the basis of conflicting evidence are entitled to a strong presumption of correctness and are 'virtually unreviewable' by the federal courts." *Moore v. Johnson*, 194 F.3d 586, 605 (5th Cir. 1999) (citing *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983)).  After hearing the testimony of Movant and Hunt, the Court finds that Hunt properly consulted with Movant and that Movant expressly told him not to file an appeal.  (It is also worth noting that this is consistent with Movant's plea bargain agreement, in which he waived his right to appeal.)  Based on the Court's findings, Hunt cannot be held ineffective for failing to file a notice of appeal, given that Movant informed Hunt that he did not wish to appeal.  *Flores-Ortega*, 528 U.S. at 477.

Accordingly, the Court will recommend that Movant's motion be denied.

## RECOMMENDATION

Based on the above, the Court **RECOMMENDS** that the District Court **DENY** Luis Celedon's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Clerk's Doc. No. 620).

## WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 17th day of January, 2008.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE